**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**REGINA M. DONOVAN, individually**
**and o/b/o A.M.Y., an Infant,**

           **Plaintiff,**

  -v-                                                    3:19-CV-1638

**NORWICH CITY SCHOOL DISTRICT, and**
**THE CITY OF NORWICH, NEW YORK,**

           **Defendants.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION and ORDER**

**I.   INTRODUCTION**

Plaintiff Regina M. Donovan, individually and on behalf of her daughter, A.M.Y., commenced this action against Defendants Norwich City School District ("School District") and The City of Norwich, New York ("City"). Plaintiff asserts that Defendants violated her and A.M.Y.'s rights in connection with criminal charges brought against Donovan. These criminal charges, which were dropped after Donovan was indicted by a grand jury, arose because Donovan purportedly stated during a March 20, 2018 telephone conversation with Norwich Middle School official Joseph Downey: "If someone touches my daughter again, I will make it rain blood on the Norwich Middle School." *See* Am. Compl., Dkt. No 10, Ex. A.  There are several pending motions which the Court will address in an effort to

1

obtain a clear operative pleading in this case.

## II. DISCUSSION

### a. Second Amended Complaint, Dkt. No. 16

After Defendants moved to dismiss Plaintiff's Complaint, Dkt. Nos. 4,6, Plaintiff filed the Amended Complaint, Dkt. No. 10, as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B). In light of that filing, the Court denied Defendants' initial dismissal motions as moot. *See* Dkt. 15. Defendants then renewed their motions directed to the allegations in the Amended Complaint. *See* Dkt. Nos. 11, 13. Defendant City also asserts in its motion that if all claims are not dismissed, the Court should issue an order pursuant Fed. R. Civ. P. 12(e) directing Plaintiff to file a more definite statement of her claims. Dkt. No. 13. The asserted reason for this request is because Plaintiff's "jumbled and repetitive presentation of [her] claims made it difficult to ascertain what claims [she was] presenting with any certainty." Dkt. No. 13-3, at 25.

In response to these motions, Plaintiff filed a Second Amended Complaint. Dkt. No. 16. Defense counsel correctly advised Plaintiff's counsel that because Plaintiff had previously filed an amended complaint as of course under Rule 15, Plaintiff could only amend that pleading again with the opposing parties' written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). Defense counsel asked Plaintiff's counsel to withdraw the improperly filed Second Amended Complaint but Plaintiff's counsel apparently ignored this request and filed a cross-motion for leave to file a second amended complaint. Dkt. 17 (addressed below). Both Defendants move the Court to strike the Second Amended Complaint that was improperly filed without stipulation or leave of court. *See* Dkt. Nos. 18,

20.  These motions, which are unopposed, are granted and the Second Amended Complaint appearing on the docket as Dkt. No. 16 is stricken.  *See Rock v. American Express Travel Related Services Co.*, No. 1:08-CV-0853 (GTS/RFT), 2008 U.S. Dist. LEXIS 101909, *7-8 (N.D.N.Y. Dec. 17, 2008)(second amended complaint filed without written consent of the opposing party or leave of the court is a nullity).

### b. Cross-Motion for Leave to File Second Amended Complaint, Dkt. No. 17

Defendants oppose Plaintiff's cross-motion for leave to file the proposed second amended complaint.  They correctly argue that Plaintiff failed to comply with applicable Local Rules.  The Local Rules provide in pertinent part:

> A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers. . . . The motion must set forth specifically the proposed insertions and deletions of language and identify the amendments in the proposed pleading, either through the submission of a redline/strikeout version of the pleading sought to be amended or through other equivalent means.

N.D.N.Y.L.R. 15.1 (formerly L.R. 7.1(a)(4), amended 1/1/21).

The proposed second amended complaint attached to the cross-motion is the signed version that Plaintiff improperly filed, and it is not a redline/strikeout version of the pleading sought to be amended.  Further, the motion does not identify the proposed insertions and deletions of language in the proposed pleading, or otherwise identify the amendments in the proposed pleading.  Moreover, Plaintiff does not address Defendants' substantive arguments for dismissal of the claims in the Amended Complaint, or identify where in the proposed second amended complaint factual allegations exist to legally

3

support her claims. Rather, Plaintiff's counsel asserts in an affirmation[1] that Plaintiff seeks leave to amend "on grounds that since filing the amended complaint, your affiant subsequently retrieved materials held by [Donovan] relating to the underlying criminal matter - such as the video recording referenced in the second amended complaint and school board meeting minutes - that your affiant believes contain probative information that helped your affiant address the alternate motion for a more definite statement, as well as the motions per 12(b )(1) and (6)." Dkt. No. 17-1, ¶ 5. Despite this statement, Plaintiff does not address Defendants' substantive arguments for dismissal of the claims in the Amended Complaint, identify where in the proposed second amended complaint factual allegations exist to legally support her claims, or present any opposition to the request for an order directing a more definitive statement. As argued by the defense, these omissions have left the parties – and the Court – to sort through thirty-one pages of often-repetitive and prolix allegations in an effort to determine what, if anything, Plaintiff has added in the way of facts to address the alleged deficiencies in her claims. The Court declines to do Plaintiff's work for her. Because Plaintiff has failed to follow the Local Rules, her cross-motion to amend is denied without prejudice. For reasons discussed next, however, the Court sua sponte grants Plaintiff leave to file a second amended complaint that complies with Fed. R. Civ. P. 8 and 10.

### c. Defendants' Motions, Dkt. Nos. 11, 13, and Fed. R. Civ. P. 8, 10 & 12(e)

The fact that Plaintiff failed to respond to the substantive arguments in Defendants' motions does not, by itself, prevent the Court from addressing the motions under the

---

[1] Plaintiff did not provide a memorandum of law with her cross-motion as required by N.D.N.Y.L.R. 7.1(b).

appropriate legal standard. *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000); *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983); *see also* N.D.N.Y.L.R. 7.1(a)(3)("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."). However, the manner in which Plaintiff has pleaded her various claims, and without her responding to the Defendants' arguments for dismissal, leads the Court to conclude that a new pleading is required before the Court can rule on Defendants' arguments for dismissal.

"It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the 'sufficiency of the pleading' under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim." *Hughes v. Butt*, No. 9:17-CV-1151 (DNH/ML), 2019 U.S. Dist. LEXIS 160042, at *21 (N.D.N.Y. Sep. 17, 2019) (citing *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on de novo review)). "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.*, at *22 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]his tension between permitting a 'short and plain statement' and requiring that the statement 'show[]' an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ.

5

P. 8(a)(2)." *Id.*  "On the one hand, the Supreme Court has long characterized the 'short and plain' pleading standard under Fed. R. Civ. P. 8(a)(2) as 'simplified' and 'liberal.'" *Id.* (citing *Jackson*, 549 F. Supp. 2d at 212, n. 20 (citing Supreme Court case)).  "On the other hand, the Supreme Court has held that, by requiring the above-described 'showing,' the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases)).  "The Supreme Court has explained that such fair notice has the important purpose of 'enabl[ing] the adverse party to answer and prepare for trial' and 'facilitat[ing] a proper decision on the merits' by the court." *Id*. at *22-23 (citing *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.)(citing Second Circuit cases)). "For this reason, as one commentator has correctly observed, the 'liberal' notice pleading standard 'has its limits.'" *Id.*, at * 22 (citing 2 Moore's Federal Practice § 12.34[1][b] at 12-61 (3d ed. 2003)).  "For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the 'liberal' notice pleading standard." *Id.* (citing *Rusyniak*, 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-52, 173 L. Ed. 2d 868 (2009)); *see Iqbal*, 556 U.S. at  678 ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." )(citation and internal quotation marks omitted); *Dettelis v. Sharbaugh*, 919 F.3d 161, 168 (2d Cir. 2019) ("Rule

8 of the Federal Rules of Civil Procedure 'demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation.'")(quoting *Iqbal*, 556 U.S. at 678).

The Claims for Relief in the Amended Complaint are hardly the model of pleading clarity, and are not "short and plain statement[s] of the claim[s] showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2).  Plaintiff fails to label her causes of action, engages in repetitive phrasing of boilerplate allegations in many of the causes of action, *see, e.g.,* Am. Compl. ¶¶ 32, 35, 38, 41, 44, 47, 51,[2] and uses long run-on sentences and lengthy paragraphs. *See, e.g.*, *id.* ¶¶ 31-33.  For reasons discussed next, the claims, as asserted, do not provide Defendants with fair notice of what Plaintiff's claims are and the grounds upon which they rest.

Plaintiff appears to assert violations of several rights in single causes of action, and some causes of action are susceptible to differing interpretations.  For example, the Fourth Claim for Relief can be read as a Fourteenth Amendment due process violation based on A.M.Y.'s "liberty interest" in being "free from harm" by fellow students, as Defendant City reads it.  *See* Am. Compl. ¶¶ 40-42.  But it can also be interpreted as including a First Amendment retaliation claim by Plaintiff Donovan.  *See id.* at ¶ 41 ("Defendants' actions and/or failures to act described herein . . . were retaliatory, intended to punish plaintiff for exercising constitutional rights, and to stop her from any future exercise of such rights, most notably her free speech right to advocate for her daughter's safety at school, for her daughter's rights as a disabled infant, and her rights as parent of a

---

[2]For instance, each of these paragraphs contain some variation of the phrase:  "Defendants' acts described above were taken at the direction of, and/or with approval, toleration and ratification by those with final decision making authority on such matters, and/or with their approval, toleration and ratification, were all performed with malice and premeditation under color of state law with willful and wanton disregard of plaintiff's" rights.

7

disabled infant."). Plaintiff's Seventh Claim for Relief can be interpreted as a state law claim for slander, as Defendant City reads it, but it could also be interpreted as including a First Amendment retaliation claim by Plaintiff Donovan. *See id.* ¶¶ 48-52 ("[S]chool district officials and Norwich Police officials . . . engaged in a campaign of innuendo and slander against the plaintiff for over a year" in connection with the criminal charges against Plaintiff Donovan, "which was retaliatory and intended to punish plaintiff for exercising [her First Amendment] rights . . . and to stop her from any future exercise of such rights."). Plaintiff's Eleventh Claim for Relief can be interpreted as a state-law negligent failure to train claim, as Defendant City interprets it, but it can also be interpreted as a *Monell* failure to train or supervise claim against both Defendants. *See id.* ¶ 63 ("Such failures [to train or supervise] amounted to deliberate indifference to rights of persons such as the plaintiff, and was an actual cause of the constitutional deprivations and injuries plaintiff and her daughter suffered as set forth herein."). In Plaintiff's Thirteenth Claim for Relief she asserts that "Defendants' actions set forth herein violated plaintiff and her daughter's right to be free from unreasonable searches and seizures, their rights to procedural and substantive due process, as well as equal protection of the law under the New York State Constitution's applicable provisions," again seemingly asserting violations of several rights in a single claim. *Id.* ¶ 65.

It is also unclear whether Plaintiff intends her Eighth and Ninth Claims for Relief to be retaliation claims under Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") and Title II of the Americans with Disabilities Act ("ADA") as Defendant City interprets

the claims, *see* Dkt. 13-3, at 15-16,[3] *see also* Am. Compl. ¶ 53,[4] ¶ 55 (same with regard to the ADA), or claims brought pursuant to 42 U.S.C. § 1983 against both Defendants for actions that interfered with Plaintiff or A.M.Y.'s rights under these statutes. Plaintiff asserts at paragraph 5 that the School District is subject to jurisdiction under the Rehabilitation Act and the ADA because it "is a recipient of federal financial assistance in connection with its special education and other programs," *id.* ¶ 5, but makes no similar claim against the City.  Thus, it appears that Plaintiff intends, at least with regard to Defendant City, that the Eighth and Ninth Claims for Relief are brought pursuant to § 1983.  But because Plaintiff does not specifically assert these claims are brought pursuant to § 1983,[5] they are susceptible to differing interpretations as happened with Defendant City.

"'If a pleading . . . is so vague or ambiguous that [the responding] party cannot reasonably be required to frame a responsive pleading, [the responding party] may move for a more definite statement' under Fed. R. Civ. P. 12(e) which is designed to strike at unintelligibility rather than want of detail." *Bacon v. Mandell*, Civil Action No. 10-5506

---

[3]("Plaintiffs' claims under the Rehabilitation Act and the Americans with Disabilities Act (Eighth and Ninth Claims) are deficient for failure to adequately allege a protected disability, and because the City is not alleged to have taken any action against a disabled person. . . .  Further, Plaintiffs have presented no factual allegations making it 'plausible' to infer that the City's police officers took steps against Plaintiff Donovan in retaliation for her purported advocacy on behalf of her daughter, rather than in response to the report that she had made a violent threat to the school official.")

[4]("Defendants' acts conspiring by concerted action to accomplish an unlawful purpose by unlawful means, and/or their failures to act, were adverse to plaintiff and her daughter, were retaliatory, and intended to intimidate, threaten, coerce and/or discriminate against plaintiff and her daughter for the purpose of interfering with rights and/or privileges secured by the Rehabilitation Act (29 U.S.C. § 794, et seq.) for plaintiff and her daughter, most notably retaliation by bringing false criminal charges against plaintiff for making complaints and seeking investigation of what was happening to her daughter at school, and attempting to stop plaintiff from any future assertion of her daughter's rights, or her own under the Act.")

[5]The only reference to Section 1983 is in the first paragraph where Plaintiff asserts: "This Court's jurisdiction over this action's subject matter is predicated on 42 U.S.C. 1983, 28 U.S.C., Secs. 1331 and 1343. Plaintiff further invokes supplemental jurisdiction of this Court per 28 USC 1367 to hear and decide plaintiff's state law claims." Am. Compl. ¶ 1.

(JAP), 2012 U.S. Dist. LEXIS 132231, at *62 (D.N.J. Sep. 14, 2012)(citations omitted). While Rule 12(e) is generally raised by the responding party as Defendant City does here, some courts have found that the Court may raise the issue sua sponte under its general supervisory obligation. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("district courts [have a] supervisory obligation to sua sponte order repleading pursuant to [Rule] 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates"); *Bacon*, 2012 U.S. Dist. LEXIS 132231, at *62-63 ("Although, as a typical scenario, the protections of Rule 12(e) are resorted to by responding parties making appropriate motions to the presiding tribunals, district courts occasionally resort to Rule 12(e) sua sponte.");[6] *Prince v. Entergy Nuclear Operations, Inc.*, No. 5:11-CV-74, 2011 WL 3363207, at *3 (D. Vt. Aug. 3, 2011)("Accordingly, at the conclusion of argument, the court ruled sua sponte that Plaintiffs allegations of unlawful retaliation were not sufficiently specific with regard to whether he had engaged in 'protected activity' under FEPA, and ordered Plaintiff to submit a "more definite statement" pursuant to Rule 12(e)."). Without Plaintiff's response to the dismissal motions, and given the confusing nature of some of the allegations, it would be a waste of scarce judicial resources to proceed on Defendants' motions based on their interpretations of the claims only to have Plaintiff seek reconsideration on the grounds that the claims presented different theories than ruled upon, or seek to amend after the ruling. The Court finds that

---

[6](citing *Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985)(pointing out that the district court, when it finds that the complaint is not sufficient to permit a proper adjudication of the matter of immunity has the power, sua sponte, to require a more definite statement under Rule 12(e)); *De Witt v. Pail*, 366 F.2d 682, 685 (9th Cir. 1966) ("Failure, in an initial complaint, to set forth the claim by means of a short and plain statement, as required by Rule 8(a)(2), is not a ground for dismissal of an action with prejudice, since there are procedures available for correcting a vague or prolix complaint. Among such available procedures are those provided for in Rule 12(e) . . . .")(internal citations omitted))

it would be in everyone's best interest to direct Plaintiff to file a second amended complaint that more clearly provides fair notice of what Plaintiff's claims are and the grounds upon which they rest in accordance with Fed. R. Civ. P. 8(a)(2).  Accordingly, the Court sua sponte orders pursuant to Rule 12(e) that Plaintiff replead her claims consistent with Rule 8's fair notice requirements.  Further, Plaintiff should replead these claims in accordance with Fed. R. Civ. 10's requirement that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Defendants' motions to dismiss, Dkt. Nos. 11, 13, are denied without prejudice to renewal upon Plaintiff filing a second amended complaint.

### IV.    CONCLUSION

For the reasons discussed above, Defendants' motions to strike the Second Amended Complaint, Dkt. Nos. 18, 20, are **GRANTED**, and Dkt. No. 16 is **STRICKEN**. Plaintiff's cross-motion to file the proposed second amended complaint, Dkt. No. 17, is **DENIED**, and the Court sua sponte **GRANTS** Plaintiff leave of twenty-one (21) days to file a second amended complaint that complies with Fed. R. Civ. P. 8 and 10.  Defendants' motions to dismiss, Dkt. Nos. 11, 13, are **DENIED without prejudice to renewal upon Plaintiff filing a second amended complaint**.

**IT IS SO ORDERED.**

Dated:  February 13, 2021

Thomas J. McAvoy
Senior, U.S. District Judge